UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD MINSKY, an individual, d/b/a
SLART® ENTERPRISES,

                              Plaintiff,

        -against-                                          1:08-CV-819
                                                           (LEK/DRH)

LINDEN RESEARCH, INC., d/b/a LINDEN LAB®,
a Delaware corporation, JOHN DOE (a/k/a VICTOR
VEZINA), an individual, PHILIP ROSEDALE, an
individual, MITCHELL KAPOR, an individual, other
DOES, presently unknown to Plaintiff,

                              Defendants.

_____

## MEMORANDUM-DECISION and ORDER

On July 29, 2008, Plaintiff Richard Minsky commenced this action, alleging claims of

trademark infringement, trademark dilution, contributory infringement and dilution, in violation of

the Lanham Act, 15 U.S.C. § 1141 et seq., and tortious interference and fraud, in violation of New

York state law.  See Amended Complaint (Dkt. No. 6).

Plaintiff is now seeking a temporary restraining order ("TRO") and a preliminary injunction

preventing Defendant(s) and their employees and agents from presenting continuing to infringe on

his registered trademark, enabling or condoning infringement, hiding the identities of infringing

users, harassing Plaintiff, or claiming ownership of the mark.

I.      **Background**

Defendant Linden Research Inc ("Linden") operates an electronic multiplayer role-playing

virtual reality entertainment platform named Second Life® ("SL").  Within this virtual world, users

1

can, among other activities, create businesses that make real money.  Plaintiff is a user of SL, and in late 2006 started a virtual art gallery within SL, and critical reviews of the arts he resold through the SL art gallery he created, distributed as a website, a book inside the virtual world of SL, and a real world (non-SL) book.  As a name for all of these activities, Plaintiff chose SLART, which at the time he found to be unused in that context based on a search within the SL virtual world and on Google.[1]

Plaintiff began using the SLART brand to identify his SL gallery on November 2006, and in December registered a domain outside of SL for SLART magazine's online publication ("slartmagazine.com").  On March 22, 2007, Plaintiff filed for trademark registration with the United States Patent and Trademark Office ("USPTO").  On July 5, 2007, the USPTO issued a descriptive refusal, noting that the term was commonly used to refer to art within SL.  Plaintiff replied on July 12, 2007, distinguishing between SLART and SL Art and noting that he does not consider SL Art to be an infringement of his trademark.  The USPTO agreed and the trademark was published for opposition on September 18, 2007.  There was no opposition, and the trademark was registered on March 18, 2008.  Plaintiff's use of the SLART brand continued with paper editions of the SLART Monograph and magazine and continued online use, both in and outside of SL.

The present Complaint involves alleged infringement of Plaintiff's trademark within the SL virtual world, by a user known as Vezina and other unknown users, and alleged wrongdoing by Linden in their dealing with Plaintiff and in their response to the infringements.  At this point, the

---

[1] Plaintiff notes that "slart" has colloquial or slang meanings, including a slut's fart, a fart made while sleeping, and someone who is between a slut and a tart.  Am. Compl. at ¶ 12.  These meaning are unrelated to the art-based brand he was developing, but added to the humor he found in the name he had chosen.

Court will address only the pending Motion for a temporary restraining order.

## II.    Discussion

### A.    Ex Parte

FED. R. CIV. P. 65(b) provides that courts may grant a TRO "without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required." FED. R. CIV. P. 65(b).

Plaintiff has met the requirements of Rule 65(b), asserting that upon notification to the Defendants of a previous infringing use of his trademark, the infringing use disappeared temporarily (Am. Compl. at ¶¶ 27, 34; Affidavit of Richard Minsky at ¶ 8), and that following the filing of his original Complaint, the infringing use disappeared again (Am. Compl. at ¶¶ 38-39; Affidavit of Richard Minsky at ¶ 8) such that there is a significant risk that upon notice to the Defendants, infringements may continue to disappear in such a way that may prevent the preservation of evidence or individual remedies.

### B.    Temporary Restraining Order

When deciding a motion for a temporary restraining order, the court follows the same legal standard as that on a motion for a preliminary injunction. Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)).

3

Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor." Id. (citing Moore v. Consolidated Edison Co. of New York, Inc ., 409 F.3d 506, 510-511 (2d Cir. 2005)).

### 1.      Irreparable Harm

Irreparable harm is often presumed in copyright, trademark, and trade dress infringement cases.  Richard Feiner and Co. v. Turner Ent. Co., 98 F.3d 33, 34 (2d Cir.1996) ("When a plaintiff establishes a prima facie case of copyright infringement, irreparable harm is presumed."); Tough Traveler, Ltd. v. Outbound Products, 60 F.3d 964, 967-68 (2d Cir.1995) (same in trademark and trade dress context).  The theory underlying this presumption is that it is difficult to remedy confusion in the marketplace by an award of damages.  Id.  The Court therefore assumes Plaintiff has shown irreparable harm.

### 2.      Likelihood of Success

Plaintiff must also establish either (a) a likelihood of success on the merits of his claim, or (b) the existence of serious questions going to the merits of the claim and a balance of the hardships tipping decidedly in its favor.  Freeman, 2007 WL 3254431 at *1.  In this case, Plaintiff has a registered trademark which is being infringed by or with the awareness of Defendants.  This is sufficient to establish at least the existence of serious questions going to the merits of Plaintiff's claims.  In addition, an examination of the hardships indicates that it is a comparatively minor hardship for Defendants to remove the infringing uses from their site, an action which may have already been taken for prior infringements, and to otherwise comply with the TRO's demands until a

hearing is held on the preliminary injunction.  In addition, it would seem to be in Defendants' best

interest to demonstrate a continued commitment to safeguarding their users' intellectual property

rights, as SL continues to grow and attract more users and more substantial investors in virtual

businesses.  Nonetheless, Defendants will have an opportunity to present arguments to the Court for

its consideration regarding whether a preliminary injunction shall be issued in the case.

The bond requirement is dispensed with in this case, given the strength of the merits of

Plaintiff's claims and his *pro se* status.

### III.    Conclusion

For the reasons stated above, it is hereby

**ORDERED**, that Plaintiff's Motion for a temporary restraining order is **GRANTED** for ten

days, effective on Thursday, September 4, 2008 at 10:00am.  The Defendants are immediately

restrained from the following activities: (I) presenting unauthorized uses of the SLART federal

registered trademark or encouraging, enabling or condoning infringement of the mark by others, in

the Second Life virtual world or any other medium, including but not limited to websites, blogs and

printed matters; (ii) hiding the identity(ies) of user(s) of its service who infringe on the SLART

trademark; (iii) harassing Plaintiff with threats and/or directives to stop contacting other users of

Linden's services for the purpose of stopping infringement and enforcing his registered trademark

SLART; and (iv) claiming ownership of, control of, affiliation with, endorsement by, or other legal

relationship to the SLART mark or Slart Enterprises; and it is further

**ORDERED**, that a hearing will be held before the Honorable Lawrence E. Kahn of the

Northern District of New York in Albany, NY on **Wednesday, September 10, 2008  at 2:00pm**, or

as soon thereafter as counsel may be heard, to determine if a preliminary injunction shall be issued

in this case; and it is further

**ORDERED**, that sufficient cause appearing therefore, personal service of a copy of

Plaintiff's Motion and this Order on the counsel of record on or before **9:00 a.m. on Friday,**

**September 5, 2008** shall constitute sufficient service thereof; and it is further

**ORDERED**, that upon two (2) days' notice to the Plaintiff, the Defendant(s) may apply to

the Court to dissolve or modify the temporary restraining order; and it is further

**ORDERED**, that papers in response to the Motion for a preliminary injunction, if any, shall

be filed with the Clerk, and served upon Plaintiff on or before **Tuesday, September 9, 2008 at 9:00**

**a.m.**

  **IT IS SO ORDERED.**

DATED:  September  4, 2008
    Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge

6