UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD MINSKY, an individual, d/b/a
SLART ENTERPRISES,

                              Plaintiff,

v.

LINDEN RESEARCH, INC., d/b/a LINDEN LAB, a Delaware
corporation, JOHN DOE (a/k/a VICTOR VEZINA), an individual,
PHILIP ROSEDALE, an individual, MITCHELL KAPOR, an
individual, other DOES, presently unknown to Plaintiff,

                              Defendants.

**CONFIDENTIALITY STIPULATION and [PROPOSED] ORDER**

08 - CV - 0819

LEK-DRH

## CONFIDENTIALITY STIPULATION and [PROPOSED] ORDER

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES:**

1. This stipulation and order ("Confidentiality Order") shall govern the use and dissemination of all Confidential Material produced in the above-captioned action ("Action").

2. The term "document" or "documents" shall have the same meaning as "writings and recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence and shall include any information stored in or via any computer system or other electronic or optical data storage device.

### CONFIDENTIAL MATERIAL

3. Any party to the Action or other person who produces or supplies information, documents or other tangible items for use in this Action in the course of discovery or otherwise (hereinafter the "Designating Party"), may designate as "confidential" any such material and material derived from confidential material (collectively "Confidential Material") that the party reasonably and in good faith believes constitutes or contains confidential or sensitive information, including but not limited to personal information, trade secrets or other proprietary information. All information derived from the inspection of the document, information or other tangible item that is designated as Confidential Material upon production of the copy thereof shall also be deemed Confidential Material.

4. Documents, information or other tangible items shall be designated as confidential by marking the words:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

on the face of the original or photocopy of the document, information, or other tangible item, and upon each page so designated if practicable at the time they are produced to the opposing party, or if produced for inspection and copying, upon production of the copy of the document, information or other tangible item.

5. Any party may, at any time after production of Confidential Material, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within ten (10) business days of service of the written objections, confer concerning the objection. If the objection is not resolved, the party objecting to the designation of the material as confidential shall, within ten (10) business days of the conference, initiate the process required by the Court's rules and orders on resolution of discovery issues. If no such action is initiated within the stated time period, the material will remain designated as Confidential Material subject to the protection of this Order. Documents determined not to be confidential by the court, by reason of a judicial ruling, cease to be subject to the protection of this Order.

6. Confidential Material may not be used for any purpose other than for purposes of this Action and shall be disclosed **only** to the following individuals who shall not disclose, copy, retain or use Confidential Material for any purpose other than for purposes of this Action:

    **(a)** The Court and its personnel in this litigation.

    **(b)** The parties to this Action.

    **(c)** Counsel of record in this Action who have made a formal appearance for a party or persons employed by that counsel's firm deemed by that counsel to be reasonably necessary to the representation of that's counsel's client ("Counsel of Record").

    **(d)**    Experts retained by a party or Counsel of Record on behalf of a party to this Action for purposes of testifying in this Action on technical issues in this Action or on damages issues in this Action.

    **(e)**    Persons who are identified in the Confidential Material as having had previous access to the Confidential Material but, as to such persons, their access to Confidential Material shall be limited to that Confidential Material in which they are identified.

    **(f)**    Any certified court reporter or videographer recording or transcribing testimony.

7.    If a party wishes to disclose any material designated as Confidential Material to any person not described in paragraph 6 of this Confidentiality Order, or to use such information other than for purposes of this Action, permission to so disclose or to so use must be requested from the Designating Party in writing. Such request to the Designating Party must identify the specific Confidential Material sought to be so disclosed or to be so used. If the Designating Party objects to the proposed disclosure or use, no such disclosure or use shall be made unless this Court, upon application by the party requesting such permission, orders otherwise. However, each party may disclose its own Confidential Material without regard to the Confidentiality Order.

8.    Any person to whom the Confidential Material may be shown pursuant to paragraph 6(d) hereof shall be disclosed to the Designating Party or the Designating Party's counsel of record at least ten (10) business days prior to the disclosure of any Confidential Material to that person. The disclosure shall include the name and address of that person to whom the Confidential Material is proposed to be disclosed, together with a resume or curriculum vitae sufficient to identify the person's last ten years of employment or other professional work and publications. If the Designating Party objects to the proposed disclosure of Confidential Materials to the identified person, no such disclosure shall be made unless this Court, upon application by the party requesting permission to disclose, orders otherwise. If no objection is made, prior to disclosure of Confidential Material, the person to whom the Confidential Material is to be disclosed shall read a copy of this Confidentiality Order and shall

3

agree in writing to be bound by its terms by signing a copy of Confidentiality Agreement A attached hereto. The party obtaining the person's signature on this Confidentiality Agreement will retain the original signed agreement, and will provide a copy to counsel for the Designating Party within five (5) business days after it is signed.

**9.** Any person to whom the Confidential Material may be shown pursuant to paragraphs 6(e), 6(f) or 7 hereof shall first be shown and shall read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of Confidentiality Agreement B attached hereto. The party obtaining the person's signature on this Confidentiality Agreement will retain the original signed agreement, and will provide a copy to counsel for the Designating Party within five (5) business days after it is signed.

**10.** Where any Confidential Material or information derived from Confidential Material is included in any papers filed with the Court such papers shall be marked **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** and placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such documents.

**11.** No one may attend the portions of a deposition or review the transcripts of the portions of a deposition during which Confidential Material is shown or discussed, other than those identified in paragraphs 6(a)-(c) hereof, those identified in paragraph 6(d) hereof who have signed Confidentiality Agreement A, and those identified in paragraph 6(f) hereof who have signed Confidentiality Agreement B. However, persons to whom specific Confidential Material was disclosed under paragraphs 6(e) or 7 hereof, and who have signed Confidentiality Agreement B, shall not be precluded from attending the portions of a deposition or reviewing the transcripts of the portions of a deposition during which that specific Confidential Material is shown or discussed.

**12.** If a Designating Party wishes to designate portions of depositions as Confidential, within ten (10) business days of receiving the deposition transcript, he/she shall advise the court reporter in writing of the designation. Any portion of a deposition transcript so designated and any Confidential Material that are marked as exhibits, shall be treated as Confidential unless the Court orders otherwise after compliance with the procedure set forth above in Paragraph 5.

Portions of transcripts designated Confidential and exhibits containing Confidential Material may only be reviewed by those identified in paragraphs 6(a)-(c) hereof, those identified in paragraph 6(d) hereof who have signed Confidentiality Agreement A, and those identified in paragraph 6(f) hereof who have signed Confidentiality Agreement B. However, persons to whom specific Confidential Material was disclosed under paragraphs 6(e) or 7 hereof, and who have signed Confidentiality Agreement B, shall not be precluded from reviewing the portions of a deposition where that specific Confidential Material was shown or discussed or exhibits containing that specific Confidential Material. Pending designation of the deposition as provided in this paragraph, the entire deposition shall be treated as Confidential Material and no portion of the deposition shall be disclosed to third parties.

## HIGHLY CONFIDENTIAL MATERIAL

13. Any computer source code, proprietary software or technical information regarding the creation, operation or functioning of the services provided by the Designating Party that the Designating Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those listed in paragraph 6 of this Order would have the effect of causing harm to the competitive commercial position of the Designating Party may be designated as "highly confidential."

14. Documents, information or other tangible items shall be designated as highly confidential by marking the words:

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

on the face of the original or photocopy of the document, information, or other tangible item, and upon each page so designated if practicable at the time they are produced for inspection. Documents and things so designated will be subject to all of the restrictions as material designated "confidential" and will also be subject to the following additional restrictions and provisions:

    (a) Highly Confidential Material of Defendants shall be made available solely for inspection to Plaintiff Richard Minsky ("Minsky") only at the Albany, New York offices of Linden's local counsel Nixon Peabody LLP.

(b) Highly Confidential Material of Minsky shall be made available for inspection to Defendants only at a suitable business location in either Albany, New York, Columbia County, New York or New York City, New York.

(c) If Highly Confidential Material is in electronic form, such material shall be made available for inspection on a stand-alone computer that is not networked and has no Internet connection. The computer shall be in a locked, secured room. The computer will have no removable storage device and no printing capabilities.

(d) Highly Confidential Material shall be available for inspection throughout the course of the litigation. On reasonable notice of no less than three business days and during regular business hours, the reviewing party, the reviewing party's counsel of record and the reviewing party's expert(s), as defined in Paragraph 6 and subject to the provisions of Paragraph 8, shall be allowed to review Highly Confidential Material in private. Notice of intent to review shall be accompanied by the name(s) and address(es) of the intended reviewer(s). The reviewing party will keep a log of each instance of access to such material, including the time and date of access, and the name and address of each reviewer.

(e) The reviewer(s) of Highly Confidential Material will be allowed to take notes, but the notes may not be transcriptions of computer source code or other proprietary software or technical information. No recording or automated copying devices will be allowed in the room with the computer.

(f) Any reports, exhibits or other documents discussing or incorporating information derived from Highly Confidential Material shall be designated highly confidential and marked **"HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"**.

      **(g)**    Where any information derived from Highly Confidential Material is included in any papers filed with the Court such papers shall be marked **"HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** and placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such documents.

**15.** Any presentation of Confidential Material or Highly Confidential Material to the Court prior to trial shall be made in the presence of only the presiding officer, an authorized court reporter (who, unless the reporter is an employee of the U.S. government, shall have executed Confidentiality Agreement B), the parties and their Counsel of Record, and counsel for the Designating Party, or as the Court may otherwise order.

**16.** This Confidentiality Order does not affect any party's rights to object to discovery on grounds other than those specified in this Order.

**17.** This Confidentiality Order is not intended to govern the use of Confidential Material or Highly Confidential Material at any trial of this Action. Questions of the protection of Confidential Material or Highly Confidential Material during trial will be presented to the Court prior to or during trial as each party deems appropriate.

**18.** If another court or administrative agency subpoenas or orders production of Confidential Material or Highly Confidential Material that a party has obtained under the terms of this Confidentiality Order, such party shall promptly notify the party or non-party designating the material as confidential of the pendency of the subpoena, or order and shall not produce the Confidential Material or Highly Confidential Material until the Designating Party or person has had reasonable time to object or otherwise to take appropriate steps to protect the Confidential Material or Highly Confidential Material unless otherwise ordered by a court.

**19.** This Confidentiality Order shall not prevent any of the parties from moving this Court for an order that Confidential Material or Highly Confidential Material may be disclosed other than in accordance with this Order. This Confidentiality Order is without prejudice to the right of any party to seek modification of it from the Court. At the conclusion of this Action, all

Confidential Material and Highly Confidential Material, including all copies of it in electronic or paper form and all documents containing information derived therefrom, shall be destroyed and a certificate under penalty of perjury attesting to the destruction shall be provided to the Designating Party no later than ten (10) business days after conclusion of this Action.

This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court. The Court shall have continuing jurisdiction to modify, amend, or rescind this stipulation and order notwithstanding the termination of this Action.

The above is hereby stipulated and agreed.

Dated: _____January 15_____, 2009

**RICHARD MINSKY d/b/a**
**SLART ENTERPRISES**

By: _____
RICHARD MINSKY

413 County Route 22
Hudson, New York 12534
Tel: (518) 828-1202
Email: minsky@minsky.com

*PRO SE*

**COOLEY GODWARD KRONISH LLP**

By: _____
JANET CULLUM (*Admitted pro hac vice*)
Assigned Bar Roll No. 106604

1114 Avenue of Americas
New York, New York 10036-7798
Tel: (212) 479-6000
email: cullumjl@cooley.com

**NIXON PEABODY LLP**

By: _____
ANDREW C. ROSE (102473)

677 Broadway, 10th Floor
Albany, New York 12207
Tel: (518) 427-2650
email: acrose@nixonpeabody.com

*ATTORNEYS FOR DEFENDANT*

**SO ORDERED**

_____
Hon. David R. Homer
United States Magistrate Judge
_____, 2009

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHARD MINSKY, an individual, d/b/a
SLART ENTERPRISES,

                                        Plaintiff,

v.

LINDEN RESEARCH, INC., d/b/a LINDEN LAB, a Delaware
corporation, JOHN DOE (a/k/a VICTOR VEZINA), an individual,
PHILIP ROSEDALE, an individual, MITCHELL KAPOR, an
individual, other DOES, presently unknown to Plaintiff,

                                        Defendants.

**CONFIDENTIALITY AGREEMENT A**

08 - CV - 0819

LEK-DRH

## CONFIDENTIALITY AGREEMENT A

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF              )

       I, _____, being first duly sworn on oath, state the following:

       1.    I have been retained by _____[party] to serve as an Expert in this Action. I have read and understand the Confidentiality Order to which this Confidentiality Agreement is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Confidentiality Order. I agree to be bound by the terms of the Confidentiality Order.

       2.    I am not currently, and agree that, as a means of further protecting Confidential Material, I do not intend to be an officer, director, employee, consultant, expert, or agent of any competitor of the Designating Party for a period of two years after I am last given access to any Confidential Material. I understand that if I do wish to take a position that would otherwise be barred by virtue of this provision, I shall consult with the Designating Party in an effort to reach agreement about whether my intended activity with or for a competitor can be structured in such a way, or the Designating Party can otherwise be reasonably satisfied, that there is not a material risk of unauthorized use or disclosure of Confidential Material.

**CONFIDENTIALITY AGREEMENT A**

3.  I shall not use, nor shall I disclose to others, except in accordance with the Confidentiality Order, any Confidential Material.

Dated: _____

By: _____

Printed Name: _____

Address: _____

_____

Individual or Entity Represented:

_____

Subscribed and sworn to before me this
_____ day of _____ 200___.

Witness my hand and official seal.

By:_____
    NOTARY PUBLIC

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD MINSKY, an individual, d/b/a
SLART ENTERPRISES,

                                                  Plaintiff,

v.

LINDEN RESEARCH, INC., d/b/a LINDEN LAB, a Delaware
corporation, JOHN DOE (a/k/a VICTOR VEZINA), an individual,
PHILIP ROSEDALE, an individual, MITCHELL KAPOR, an
individual, other DOES, presently unknown to Plaintiff,

                                                  Defendants.

**CONFIDENTIALITY AGREEMENT B**

08 - CV - 0819

LEK-DRH

## CONFIDENTIALITY AGREEMENT B

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF              )

        I, _____, being first duly sworn on oath, state the following:

        1.        I have read and understand the Confidentiality Order to which this Confidentiality Agreement is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Confidentiality Order; I agree to be bound by the terms of the Confidentiality Order with respect to the Court's powers of supervision of the litigation.

1

**CONFIDENTIALITY AGREEMENT B**

2. I shall not use or disclose to others, except in accordance with the Confidentiality Order, any Confidential Material as defined in the Order.

Dated: _____   By: _____

　　　　　　　　　　　　　　　　　Printed Name: _____

　　　　　　　　　　　　　　　　　Address: _____

　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　Individual or Entity Represented:

　　　　　　　　　　　　　　　　　_____

Subscribed and sworn to before me this _____ day of _____ 200___.

Witness my hand and official seal.

By:_____
　　　NOTARY PUBLIC